### UNITED STATES v. McDONALD.

(District Court, N. D. California, First Division. October 22, 1914.)

#### No. 15719.

SEAMEN (§ 20*)—WAGES OF DECEASED SEAMEN—DEDUCTIONS—"VERIFIED BY AN ENTRY IN OFFICIAL LOG BOOK."

Rev. St. §§ 4538, 4539 (Comp. St. 1913, §§ 8327, 8328), which provide that on the death of a seaman during a voyage to terminate in the United States the master shall sign an entry in the log book, attested by the mate and one of the crew, containing a statement of the sum due the deceased as wages and the total amount of deductions to be made therefrom, and further requiring him on arrival at the port of destination to render an account and pay the balance of wages due to the shipping commissioner, with the provision that "no deductions claimed in such account shall be allowed unless verified by an entry in the official log book,. if there be any," have reference to the entry verified as previously provided, and the shipping commissioner has no authority to allow deductions not so shown.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 86–91; Dec. Dig.. § 20.*]

In Admiralty. ' Suit by the United States against Charles McDonald, master of the schooner Mahukona. Decree for libelant.

John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S.. Atty., both of San Francisco, Cal., for petitioner.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DOOLING, District Judge. This is a proceeding to compel the master of the schooner Mahukona properly to account to the United States shipping commissioner at this port for the wages of T. Nishimura, a member of her crew who died at Newcastle, New South Wales, during the voyage.

The master endeavors to make certain deductions from the wages admittedly earned by the deceased, but the commissioner, being dissatisfied with the proofs and vouchers furnished, has cited the master to appear in this court to show cause why process should not issue against the vessel to answer for the master's failure to render to him a full, complete, and lawful account, as required by the statutes.

Section 4538, R. S., provides that upon the death of a seaman the master—

"shall * * * sign an entry in the official log book, and cause it to be attested by the mate and one of the crew, containing the following particulars: * * *

"Third: A statement of the sum due to deceased as wages, and the total amount of deductions, if any, to be made therefrom."

Section 4539 provides:

"Fourth: The master shall, in all cases in which any seaman * * * dies during the voyage, * * * give to * * * shipping commissioner an account, in such form as [he] may * * * require, of the effects, money, and wages so to be delivered and paid; and no deductions claimed in such account shall be allowed unless verified by an entry in the official log book, if there be any, and by such * * * vouchers, if any, as may be reasonably required by the * * * shipping commissioner to whom the account is rendered."

The expression "verified by an entry in the official log book," used in section 4539, I take to mean verified as required by section 4538; that is, signed by the master and attested by the mate and one of the crew. No such verified entry was presented to the commissioner in the instant case, and therefore, passing the question as to the right of the master to pay the earnings of a seaman to a third person upon the seaman's order, and the further question as to who is responsible for the expenses of the burial of a seaman dying during a voyage, it is clear that the deductions claimed cannot be allowed by the commissioner, because not verified as required by the statutes above cited. In all cases like the present the statutes must be followed, or deductions will not be allowed.

The items claimed as deductions and resisted by the commissioner are:

| | | |
|---|---|---|
| Burial expenses | £10.10s. | |
| Launch hire | 10s. | |
| Amount claimed to have been paid for Ostrich feathers | 9. | |
| Total | £20. | $97.20 |

These items must be disallowed, for the reasons stated. The master is therefore directed to pay to the commissioner the sum of $205.12, in default of which process will issue against the vessel, as prayed for, for such sum.